IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MADELINE APONTE-VAZQUEZ, GABRIEL SANTIAGO-BIBILONI, D.S.A. (MINOR),<br><br>**Plaintiffs**,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF EDUCATION OF PUERTO RICO,<br><br>**Defendants**. | **Civil No.** 14-1762 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

To ensure that children with disabilities have access to a free and appropriate public education, the Individuals with Disabilities Education Act ("IDEA") directs the child's parents, teachers, and other professionals (the "IEP Team") to develop for each special education student an Individualized Education Plan ("IEP") that sets forth the required instructions and services designed to meet the particular child's unique needs. See 20 U.S.C. § 1414(d). Once the IEP is developed, the school system must provide an appropriate placement that meets those needs and, if an appropriate public placement is unavailable, the school system must provide an appropriate private placement or make available educational-related services provided by private organizations to supplement a public placement. See 20 U.S.C. § 1412(a)(10); 34 C.F.R. §§ 300.349, 300.400-402. The IDEA

Civil No. 14-1762 (FAB)                                                                 2

requires that an IEP be in effect at the beginning of the school year for each child with a disability.  See 20 U.S.C. § 1414(d)(2)(A).

Plaintiffs Madeline Aponte-Vazquez and Gabriel Santiago-Bibiloni are the parents of DSA, who is duly registered with the Department of Education of Puerto Rico ("DOE") as a student with disabilities.  (Docket No. 1 at ¶ 10.)  DSA has been diagnosed with Attention Deficit Disorder in its hyperactive modality (inattentive type) and with learning problems such as dyscalculia, dysgraphia, and dyslexia.  Id. ¶ 8.  DSA received educational services at the Paula Mojica School until the conclusion of the 2013-2014 academic year, when he graduated from sixth grade.  Id. at ¶ 19.  On August 11, 2014, DSA began middle school in the seventh grade at Gerardo Selles Sola School.  Id. at ¶¶ 20, 23.

Pursuant to DSA's IEP for the 2014-2015 school year, he is to receive the services of a Resource Classroom Teacher or Special Education Teacher five times a week.  (Docket No. 1 at ¶ 21.)  Furthermore, DSA is supposed to receive the following accommodations pursuant to his IEP: (1) having exams and quizzes read aloud to him; (2) being able to answer exams and quizzes in a fragmented manner, meaning that the questions are separated into discrete pages; (3) additional time to answer exams and quizzes; (4) individual assistance; (5) notes, summaries, and photocopied

Civil No. 14-1762 (FAB)                                                 3

instructions; (6) an assigned seat located away from distractions; (7) assistance from a reader; (8) a reader; and (9) fifty minutes of regular classroom and twenty-five minutes in resource classroom, in Math and Spanish exams and quizzes.  Id. at ¶ 22.

Although classes began at DSA's school on August 11, 2014, the DOE had not assigned a Resource Classroom Teacher to DSA's seventh grade classroom at Gerardo Selles Sola School.  (Docket No. 1 at ¶ 23.)  Due to the absence of a Resource Classroom Teacher, DSA was not receiving any of the accommodations provided in his 2014-2015 IEP to deal with his special education needs as required by the IDEA.  Id. at ¶ 24.

On August 13, 2014, plaintiffs filed administrative complaint number 2014-013-029 against the DOE requesting the appointment of a Special Education Teacher to provide DSA the services to which he is entitled pursuant to his IEP.  (Docket No. 1 at ¶ 25.)  On September 26, 2014, the Administrative Law Judge ("ALJ") held a hearing and, on that same date, issued a Resolution granting plaintiffs' claim for relief and ordering that, on or before October 3, 2014, the DOE appoint the Resource Classroom Teacher assigned to DSA's seventh grade classroom.  Id. at ¶ 26.  In his Resolution, the ALJ highlighted that Mr. Eli Encarnacion-Lopez, the School Director at Gerardo Selles Sola School, corroborated "that the special education teacher who would attend the student had not

been appointed yet and indicated that this student's education []
in the seventh grade, ha[d] been affected by this situation."

Motions for reconsideration of the Resolution were to be filed within twenty days from September 26, 2014, and the DOE did not move for reconsideration.  Requests for review of the Resolution before the Court of Appeals were to be filed within thirty days from September 26, 2014, and the DOE did not appeal the ALJ's Resolution.  Accordingly, the ALJ Resolution became final and unappealable.

On October 15, 2014, plaintiffs filed this action for injunctive relief requesting that the Court order the DOE to comply with the ALJ Resolution and appoint a Special Education Teacher to DSA's seventh grade classroom.  (Docket Nos. 1, 2.)  Plaintiffs also requested that the Court find that the DOE violated the IDEA and that the Court award costs, expenses, and attorneys' fees as authorized by the IDEA.  (Docket Nos. 1, 2.)

The Court scheduled a hearing on the petition for injunctive relief for November 7, 2014.  (Docket No. 7.)

On October 31, 2014, defendant DOE filed a Motion to Dismiss, arguing that plaintiffs' petition was moot because a Special Education Teacher, Ms. Brendaliz Jimenez-Cotto ("Ms. Jimenez"), had been assigned to Gerardo Selles Sola School on October 22, 2014.  (Docket No. 14.)  Plaintiffs responded by filing an Amended Complaint alleging that, as of November 4, 2014, DSA had not

received the accommodations to which he was entitled from the Special Education Teacher. (Docket No. 17.)  Plaintiffs also added a retaliation claim predicated on the School Director's alleged expressions towards plaintiff Aponte for having filed this lawsuit. Id.

The parties appeared before the Court with their witnesses and evidence at the hearing on November 7, 2014.  After an exchange with the Court, the parties informed the Court that they were willing to explore reaching a stipulation of all pending matters without the need for the hearing.  The Court asked plaintiffs Aponte and Santiago, who were present, if they understood and were in agreement, and the plaintiffs responded in the affirmative.  The Court then granted the parties until November 13, 2014, to submit their proposed draft of the injunction to be entered by the Court in the event they reached a stipulation, or else the hearing would be continued to November 17, 2014, to address any remaining issues or claims.[1]  The Court stressed its concern with the retaliation claim raised by plaintiffs and warned the parties that the injunction had to be narrowly drafted so that it would not undermine or limit the prerogatives ascribed by the IDEA to School Directors in the administration of students' IEPs.

---

[1] An extension of one week was granted and the hearing was rescheduled for November 24, 2014.  (Docket No. 29.)

On November 21, 2014, the parties filed a Joint Motion in Compliance, informing the Court of the stipulation for permanent injunction to be entered. (Docket No. 32.) Their stipulation addressed plaintiffs' claims regarding an award of compensatory time to DSA to make up for the services he did not receive during the time that a Special Education Teacher had not been appointed. The parties also informed the Court that they had not reached an agreement on the retaliation claim. Accordingly, the Court ordered the parties to appear on November 24, 2014, prepared to present evidence related to the retaliation claim. (Docket No. 33.) At the beginning of the November 24 hearing, however, the parties informed the Court that they had reached an agreement on the retaliation claim. Plaintiffs requested a voluntary dismissal with prejudice of their retaliation claim.

On November 26, 2014, the parties filed their stipulations and a proposed draft injunction. (Docket No. 37.) The parties indicated that they reached an agreement on all issues.

First, the parties agree that all matters regarding compensatory time for DSA will be addressed at a COMPU (Spanish acronym for "Comité de Planificación y Ubicación" or "Planning and Placement Committee") meeting. The COMPU meeting will be held on December 4, 2014, at 1:00 p.m. at Gerardo Selles Sola School. During that COMPU meeting, the Special Education Teacher will certify the times she has given services to DSA. That will serve

as the basis to calculate the compensatory time that will be awarded to DSA for the time he did not receive special education services from the beginning of the school year.

Second, the parties agree that they will meet with ample time before the beginning of the next school year (2015-2016) to prepare DSA's IEP for that school year.  Such a meeting will be held on a yearly basis for the prupose of designing and approving DSA's IEP for each coming school year.  The COMPU meeting for the 2015-2016 school year will take place no later than May 2015.  Thereafter, a COMPU meeting will take place each May for each subsequent school year.

Third, the parties agree that plaintiffs are not entitled to reimbursement of attorneys' fees for the administrative proceeding because the plaintiffs were not represented by any attorney during that proceeding.  Plaintiffs claim that they are entitled to reimbursement of costs and attorneys' fees for this case.  The parties cannot agree upon a specific amount because the case is still pending its resolution.  The parties agree to submit the issue for the Court's resolution after the December 4, 2014, COMPU meeting.

The Court has taken into consideration the ample participation of the parties in the process to negotiate a stipulated solution. At both hearings, the Court invited the plaintiffs and personnel from the DOE to participate.  The Court has carefully considered

the parties stipulations and agreements to provide a fair resolution for all involved.  Accordingly, the Court **ORDERS** as follows:

**I.   COMPU Meeting**

The Court **ORDERS** the DOE to hold a COMPU meeting on **December 4, 2014, at 1:00 p.m.** at Gerardo Selles Sola School to resolve the pending matters concerning DSA's compensatory time for the 2014-2015 school year.  The compensatory time services should commence no later than the first day of classes in January 2015, and should fully compensate for the services that DSA did not receive from August 11, 2014, until the date that the Special Education Teacher began to provide DSA his IEP accommodations.  Any matter concerning the receipt of these compensatory time services or any other related item provided in DSA's IEP shall be discussed at the COMPU meeting.

The Court **ORDERS** the following individuals to be present at the meeting:  (1) plaintiffs, Ms. Aponte or Mr. Santiago, parents of DSA; (2) Mr. Encarnacion, the School Director; (3) the Math Teacher; (4) Ms. Jimenez, the Special Education Teacher; (5) the Social Worker; (6) the School Counselor; and (7) the Special Education Supervisor.  The attorneys for the parties may attend.  If during the COMPU meeting the parties understand that they need the assistance of another DOE official, they may summon that official to facilitate and assist in the process.

The Court further **ORDERS** the parties to inform the Court of the agreements reached on or before five working days after conclusion of the meeting, or by December 11, 2014.

## II. DSA's IEP Accommodations

The Court **ORDERS** the DOE to provide the following accommodations to DSA, pursuant to DSA's IEP, through the involvement of the Special Education Teacher appointed to the seventh grade resource classroom at Gerardo Selles Sola School: (1) read exams and quizzes aloud to DSA; (2) allow DSA to answer exams and quizzes in a fragmented manner, meaning that the questions are separated into discrete pages; (3) allow DSA additional time to answer exams and quizzes; (4) provide individual assistance to DSA; (5) provide notes, summaries, and photocopied instructions to DSA; (6) locate DSA's assigned seat away from distractions; (7) provide DSA with assistance from a reader; (8) provide a reader for DSA; and (9) provide DSA fifty minutes of regular classroom and twenty-five minutes in resource classroom, in Math and Spanish exams and quizzes.

## III. Certification of Services

The Court **ORDERS** the DOE to certify to the Court all dates in which Ms. Jimenez has provided services to DSA after her assignment to the seventh grade at Gerardo Selles Sola School. The Court further **ORDERS** the DOE to consider this information at the

Civil No. 14-1762 (FAB)                                          10

December 4, 2014, COMPU meeting when designing the form and extent of compensatory time to provide DSA.

**IV.  Notification of this Order**

The Court **ORDERS** the DOE to provide a copy of this Order within forty-eight hours to the following individuals: (1) Mr. Encarnacion, the School Director; (2) Ms. Jimenez, the Special Education Teacher; (3) the Associate Secretary for Special Education; and (4) the Secretary of the DOE.

**V.  Annual COMPU Meeting**

The Court **ORDERS** the DOE to summon a COMPU meeting and approve DSA's IEP each May, on a yearly basis, with sufficient time to put the IEP in full effect by the beginning of each school year.

**VI.  Costs and Attorneys' Fees**

The Court **ORDERS** plaintiffs to submit their petition for reimbursement of costs, litigation expenses, and attorneys' fees no later than ten days after conclusion of the December 4, 2014, COMPU meeting.  The Court will determine the amount to be reimbursed.

**VII. Retaliation Claim**

The Court **GRANTS** plaintiffs' request to **DISMISS WITH PREJUDICE** plaintiffs' retaliation claim.  This dismissal applies only to the events alleged in the Amended Complaint, (Docket No. 17), and not to any future retaliation event.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 2, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE